UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 21-1593-SVW (KK)** | Date: | October 4, 2021 |
| Title: | ***Robert Michael Vanleeuwen v. Warden*** | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DONNISHA BROWN | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner(s): | Attorney(s) Present for Respondent(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order to Show Cause Why This Action Should Not Be Dismissed Because Abstention Is Required

## I.
## INTRODUCTION

On September 17, 2021, Petitioner Robert Michael Vanleeuwen ("Petitioner"), a pre-trial detainee at Cois M. Byrd Detention Center, constructively filed[1] a pro se Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 ("Section 2254"). ECF Docket Nos. ("Dkts.") 1, 1-2. Petitioner appears to challenge his pretrial confinement due to criminal charges pending in Riverside County Superior Court and set forth two grounds for habeas relief: (1) "Petitioner was engaged in conduct protected by the First Amendment rights to Petition and Free Speech" and (2) "[I]t [is] a violation of due process when a prosecutor pursues charges in retaliation for the exercise of constitutional and statutory rights." Id. at 1, 23. As discussed below, the Court orders Petitioner to show cause why the Petition should not be dismissed because abstention is required under Younger v. Harris, 401 U.S. 37, 43-45 (1971) ("Younger").

///
///
///
///

---

[1]   Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).

## II.
## **THE PETITION IS SUBJECT TO DISMISSAL BECAUSE YOUNGER ABSTENTION IS REQUIRED**

**A.    APPLICABLE LAW**

When a state prisoner "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  "[T]he general grant of habeas authority in [28 U.S.C. § 2241] is available for challenges by a state prisoner who is not in custody pursuant to a state court judgment [such as] a defendant in pre-trial detention[.]"  Stow v. Murashige, 389 F.3d 880, 886 (9th Cir. 2004) (citation omitted) (holding a pretrial detainee's request for federal habeas relief under 28 U.S.C. § 2241(c)(3) is properly brought); Rosenbalm v. Mendocino Superior Ct., No. C 06-7412 SI(PR), 2007 WL 878522, at *1 (N.D. Cal. Mar. 21, 2007) ("This court may entertain a petition for a writ of habeas corpus under 28 U.S.C. § 2241(c)(3) by a person who is in custody but not yet convicted or sentenced.").

Principles of comity and federalism, however, require federal courts to abstain from interfering with pending state court proceedings.  See Younger, 401 U.S. at 43-45.  The Ninth Circuit has held abstention is appropriate when: (1) there is "an ongoing state judicial proceeding"; (2) the proceeding "implicate[s] important state interests"; (3) there is "an adequate opportunity in the state proceedings to raise constitutional challenges"; and (4) the requested relief "seek[s] to enjoin" or has "the practical effect of enjoining" the ongoing state judicial proceeding.  Arevalo v. Hennessy, 882 F.3d 763, 765 (9th Cir. 2018) (citing ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund, 754 F.3d 754, 758 (9th Cir. 2014)).

"Extraordinary circumstances," may warrant exception to the "fundamental policy against federal interference with state criminal prosecutions." Younger, 401 U.S. at 46, 53-54; Brown v. Ahern, 676 F.3d 899, 900-01 (9th Cir. 2012) (holding "abstention principles . . . prohibit a federal court from considering a pre-conviction habeas petition that seeks preemptively to litigate an affirmative constitutional defense unless the petitioner can demonstrate that 'extraordinary circumstances' warrant federal intervention" (citing Carden v. State of Mont., 626 F.2d 82, 83 (9th Cir. 1980))).  To demonstrate an exception to Younger, a petitioner must show: (1) he would suffer irreparable harm that is "both great and immediate" if the federal court declines jurisdiction; (2) there is bad faith or harassment, on the part of state, in prosecuting him; or (3) the state court system is biased against Petitioner's federal claim.  See Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Kugler v. Helfant, 421 U.S. 117, 124-25 (1975); Brown, 676 F.3d at 901 (citing Carden, 626 F.2d at 83).

**B.    ANALYSIS**

As an initial matter, Petitioner is a pretrial detainee with a criminal case pending in the Riverside County Superior Court.  Dkt. 1 at 1, 4.  Accordingly, the Petition is governed by 28 U.S.C. § 2241(c)(3).  See Stow, 389 F.3d at 886.

Petitioner challenges various aspects of his ongoing state criminal proceedings, such as the trial court's issuance of a "criminal protective order[]," and seeks relief, including dismissal of his criminal charges.  Dkt. 1 at 4.  Therefore, abstention is appropriate because all four Younger

abstention criteria are satisfied.  First, Petitioner has an ongoing state judicial proceeding as he awaits trial in his criminal case in Riverside County Superior Court.  Id. at 1, 4.  Second, the resolution of state criminal proceedings clearly implicates important state interests.  See Kelly v. Robinson, 479 U.S. 36, 49 (1986) ("The right to formulate and enforce penal sanctions is an important aspect of the sovereignty retained by the States." (citing Younger, 401 U.S. at 46)); Middlesex, 457 U.S. at 432 ("Proceedings necessary for the vindication of important state policies or for the functioning of the state judicial system also evidence the state's substantial interest in the litigation.").  Third, Petitioner has "an adequate opportunity in the state proceedings to raise constitutional challenges," either at the trial or appellate level, and there appears to be nothing preventing Petitioner from doing so.[2]  See Arevalo, 882 F.3d at 765.  Fourth, habeas relief from this Court in the form of release would have the "practical effect" of enjoining the state court proceedings.  See Bowell v. Paramo, No. CV-17-9313-TJH (MAA), 2018 WL 4735721, at *4 (C.D. Cal. Aug. 6, 2018), report and recommendation adopted, 2018 WL 4698250 (C.D. Cal. Sept. 28, 2018), certificate of appealability denied, No. 18-56319, 2018 WL 6978341 (9th Cir. Dec. 20, 2018) (finding if the court were to grant emergency release, "it necessarily would entail interference because the ongoing state proceeding effectively would be terminated" (citing San Jose Silicon Valley Chamber of Com. Pol. Action Comm. v. City of San Jose, 546 F.3d 1087, 1095-96 (9th Cir. 2008))).

Moreover, Petitioner fails to identify any "extraordinary circumstances" warranting the Court's interference as an exception under Younger.  Petitioner provides no proof that he has been the subject of harassment or that his continued prosecution is in bad faith and without hope of obtaining a valid conviction.  See Brown, 676 F.3d at 901.  Petitioner's various allegations, even liberally construed, are conclusory and unsupported.  See Collins v. People of the State of Cal., No. CV-16-03703-DMG (KS), 2016 WL 4161973, at *2 (C.D. Cal. Aug. 1, 2016) ("Federal intervention cannot be predicated on conclusory allegations and Petitioner provides no proof that his continued prosecution by the state actually stems from bad faith and harassment and not some other basis.").  Furthermore, Petitioner has not shown he will suffer "irreparable injury" by waiting until the state court proceedings are concluded to bring his claims in this Court.  See Younger, 401 U.S. at 46 (holding "irreparable injury is insufficient unless it is 'both great and immediate'").

Hence, under the circumstances of the instant case, abstention under Younger is warranted.

### III.
### ORDER

For the above reasons, the Petition appears subject to dismissal.  Petitioner is therefore ORDERED TO SHOW CAUSE why the Court should not dismiss the Petition because abstention is required under Younger.  Petitioner's response to this Order must be received **no later than October 25, 2021**.  Petitioner must respond to this Order by choosing one of the following options:

1. Option One: Petitioner may file a written response informing the Court of any reason demonstrating Petitioner is entitled to raise his First Amendment and due process claims on federal habeas corpus at this time or extraordinary circumstances warranting this Court's immediate intervention in Petitioner's state criminal proceedings.

---

[2]   Petitioner appears to have filed habeas petitions challenging various aspects of his pre-trial detention in the California Court of Appeal in case numbers E077508 and E077361.  Dkt. 1 at 2.

2. Option Two: Petitioner may file a First Amended Petition curing the above referenced deficiencies. The First Amended Petition shall be complete in itself. It shall not refer in any manner to the original Petition. In other words, Petitioner must start over when preparing the First Amended Petition. If Petitioner chooses to file a First Amended Petition, he must clearly designate on the face of the document that it is the "First Amended Petition," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form.

3. Option Three: Petitioner may voluntarily dismiss this action without prejudice. Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). <u>The Clerk of Court has attached a Notice of Dismissal form</u>. However, the Court warns any dismissed claims may be later subject to the statute of limitations, because "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).

**The Court expressly warns Petitioner that failure to timely file a response to this Order will result in the Court dismissing this action without prejudice because abstention is required and/or for his failure to comply with court orders and failure to prosecute. <u>See</u> FED. R. CIV. P. 41(b).**

<u>The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record and provide Petitioner with a blank form Petition for his use in filing a First Amended Petition.</u>

**IT IS SO ORDERED.**

_____
NAME

_____
PRISON IDENTIFICATION/BOOKING NO.

_____
ADDRESS OR PLACE OF CONFINEMENT

Note:   It is your responsibility to notify the Clerk of Court in writing of any change of address. If represented by an attorney, provide his or her name, address, telephone and facsimile numbers, and e-mail address.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

CASE NUMBER:

CV _____
To be supplied by the Clerk of the United States District Court

_____
FULL NAME (*Include name under which you were convicted*)
                                                        Petitioner,

v.

☐ _____ **AMENDED**

**PETITION FOR WRIT OF HABEAS CORPUS
BY A PERSON IN STATE CUSTODY
28 U.S.C. § 2254**

_____
NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED PERSON HAVING CUSTODY OF PETITIONER
                                                        Respondent.

PLACE/COUNTY OF CONVICTION _____
PREVIOUSLY FILED, RELATED CASES IN THIS DISTRICT COURT
(*List by case number*)
CV _____
CV _____

**INSTRUCTIONS - PLEASE READ CAREFULLY**

1. To use this form, you must be a person who either is currently serving a sentence under a judgment against you in a California state court, or will be serving a sentence in the future under a judgment against you in a California state court. You are asking for relief from the conviction and/or the sentence. This form is your petition for relief.

2. In this petition, you may challenge the judgment entered by only one California state court. If you want to challenge judgments entered by more than one California state court, you must file a separate petition for each court.

3. Make sure the form is typed or neatly handwritten. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

4. Answer all the questions. You do not need to cite case law, but you do need to state the federal legal theory and operative facts in support of each ground. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a legal brief or arguments, you may attach a separate memorandum.

5. You must include in this petition <u>all</u> the grounds for relief from the conviction and/or sentence that you challenge. You must also state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

6. You must pay a fee of $5.00. If the fee is paid, your petition will be filed. If you cannot afford the fee, you may ask to proceed *in forma pauperis* (as a poor person). To do that, you must fill out and sign the declaration of the last two pages of the form. Also, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account at the institution. If your prison account exceeds $25.00, you must pay the filing fee.

7. When you have completed the form, send the original and two copies to the following address:

   Clerk of the United States District Court for the Central District of California
   United States Courthouse
   ATTN: Intake/Docket Section
   255 East Temple Street, Suite TS-134
   Los Angeles, California 90012

PLEASE COMPLETE THE FOLLOWING (*check appropriate number*):

This petition concerns:
1. ☐ a conviction and/or sentence.
2. ☐ prison discipline.
3. ☐ a parole problem.
4. ☐ other.

# PETITION

1. Venue
   a. Place of detention _____
   b. Place of conviction and sentence _____

2. Conviction on which the petition is based *(a separate petition must be filed for each conviction being attacked)*.
   a. Nature of offenses involved *(include all counts)* : _____
   
   b. Penal or other code section or sections: _____
   
   c. Case number: _____
   d. Date of conviction: _____
   e. Date of sentence: _____
   f. Length of sentence on each count: _____
   
   g. Plea *(check one)* :
      ☐ Not guilty
      ☐ Guilty
      ☐ Nolo contendere
   h. Kind of trial *(check one)* :
      ☐ Jury
      ☐ Judge only

3. Did you appeal to the California Court of Appeal from the judgment of conviction?   ☐ Yes  ☐ No
   If so, give the following information for your appeal *(and attach a copy of the Court of Appeal decision if available)*:
   a. Case number: _____
   b. Grounds raised *(list each)* :
      (1) _____
      (2) _____

  (3) _____
  (4) _____
  (5) _____
  (6) _____

 c. Date of decision: _____
 d. Result _____
  _____

4. If you did appeal, did you also file a Petition for Review with the California Supreme Court of the Court of Appeal decision? ☐ Yes ☐ No

 If so, give the following information *(and attach copies of the Petition for Review and the Supreme Court ruling if available)*:

 a. Case number: _____
 b. Grounds raised *(list each)*:
  (1) _____
  (2) _____
  (3) _____
  (4) _____
  (5) _____
  (6) _____
 c. Date of decision: _____
 d. Result _____
  _____

5. If you did not appeal:

 a. State your reasons _____
  _____
  _____
  _____
  _____

 b. Did you seek permission to file a late appeal? ☐ Yes ☐ No

6. Have you previously filed any habeas petitions in any state court with respect to this judgment of conviction?
 ☐ Yes ☐ No

 If so, give the following information for each such petition *(use additional pages, if necessary, and attach copies of the petitions and the rulings on the petitions if available)*:

 a. (1) Name of court: _____
  (2) Case number: _____
  (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

    (4) Grounds raised *(list each)*:

        (a) _____

        (b) _____

        (c) _____

        (d) _____

        (e) _____

        (f) _____

    (5) Date of decision: _____

    (6) Result _____

    _____

    (7) Was an evidentiary hearing held?    ☐ Yes  ☐ No

b.  (1) Name of court: _____

    (2) Case number: _____

    (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

    (4) Grounds raised *(list each)*:

        (a) _____

        (b) _____

        (c) _____

        (d) _____

        (e) _____

        (f) _____

    (5) Date of decision: _____

    (6) Result _____

    _____

    (7) Was an evidentiary hearing held?    ☐ Yes  ☐ No

c.  (1) Name of court: _____

    (2) Case number: _____

    (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

    (4) Grounds raised *(list each)*:

        (a) _____

        (b) _____

        (c) _____

        (d) _____

        (e) _____

        (f) _____

    (5) Date of decision: _____

    (6) Result _____
_____

    (7) Was an evidentiary hearing held?    ☐ Yes  ☐ No

7. Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes    ☐ No

    If yes, answer the following:

    (1) Docket or case number (if you know): _____

    (2) Result: _____
_____

    (3) Date of result (if you know): _____

    (4) Citation to the case (if you know): _____

8. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than five grounds. Summarize briefly the <u>facts</u> supporting each ground. For example, if you are claiming ineffective assistance of counsel, you must state facts specifically setting forth what your attorney did or failed to do.

    **CAUTION**: *Exhaustion Requirement*: In order to proceed in federal court, you must ordinarily first exhaust your state court remedies with respect to each ground on which you are requesting relief from the federal court. This means that, prior to seeking relief from the federal court, you first must present <u>all</u> of your grounds to the California Supreme Court.

    a. Ground one: _____

    (1) Supporting FACTS: _____
_____
_____
_____
_____

    (2) Did you raise this claim on direct appeal to the California Court of Appeal?  ☐ Yes  ☐ No
    (3) Did you raise this claim in a Petition for Review to the California Supreme Court?  ☐ Yes  ☐ No
    (4) Did you raise this claim in a habeas petition to the California Supreme Court?  ☐ Yes  ☐ No

    b. Ground two: _____

    (1) Supporting FACTS: _____
_____

    (2) Did you raise this claim on direct appeal to the California Court of Appeal? ☐ Yes ☐ No
    (3) Did you raise this claim in a Petition for Review to the California Supreme Court? ☐ Yes ☐ No
    (4) Did you raise this claim in a habeas petition to the California Supreme Court? ☐ Yes ☐ No

  c. Ground three: _____

    (1) Supporting FACTS: _____

    (2) Did you raise this claim on direct appeal to the California Court of Appeal? ☐ Yes ☐ No
    (3) Did you raise this claim in a Petition for Review to the California Supreme Court? ☐ Yes ☐ No
    (4) Did you raise this claim in a habeas petition to the California Supreme Court? ☐ Yes ☐ No

  d. Ground four: _____

    (1) Supporting FACTS: _____

    (2) Did you raise this claim on direct appeal to the California Court of Appeal? ☐ Yes ☐ No
    (3) Did you raise this claim in a Petition for Review to the California Supreme Court? ☐ Yes ☐ No
    (4) Did you raise this claim in a habeas petition to the California Supreme Court? ☐ Yes ☐ No

  e. Ground five: _____

    (1) Supporting FACTS: _____

    (2) Did you raise this claim on direct appeal to the California Court of Appeal? ☐ Yes ☐ No

      (3) Did you raise this claim in a Petition for Review to the California Supreme Court?  ☐ Yes  ☐ No

      (4) Did you raise this claim in a habeas petition to the California Supreme Court?  ☐ Yes  ☐ No

9. If any of the grounds listed in paragraph 8 were not previously presented to the California Supreme Court, state briefly which grounds were not presented, and give your reasons: _____

_____

_____

10. Have you previously filed any habeas petitions in any federal court with respect to this judgment of conviction?
    ☐ Yes  ☐ No

    If so, give the following information for each such petition *(use additional pages, if necessary, and attach copies of the petitions and the rulings on the petitions if available)*:

    a. (1) Name of court: _____
       (2) Case number: _____
       (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____
       (4) Grounds raised *(list each)*:
           (a) _____
           (b) _____
           (c) _____
           (d) _____
           (e) _____
           (f) _____
       (5) Date of decision: _____
       (6) Result _____
       _____

       (7) Was an evidentiary hearing held?  ☐ Yes ☐ No

    b. (1) Name of court: _____
       (2) Case number: _____
       (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____
       (4) Grounds raised *(list each)*:
           (a) _____
           (b) _____
           (c) _____
           (d) _____
           (e) _____
           (f) _____
       (5) Date of decision: _____

(6) Result _____

(7) Was an evidentiary hearing held?   ☐ Yes ☐ No

11. Do you have any petitions now pending (i.e., filed but not yet decided) in any state or federal court with respect to this judgment of conviction?   ☐ Yes   ☐ No

If so, give the following information (and attach a copy of the petition if available):

(1) Name of court: _____
(2) Case number: _____
(3) Date filed (or if mailed, the date the petition was turned over to the prison authorities for mailing): _____
(4) Grounds raised (list each):
    (a) _____
    (b) _____
    (c) _____
    (d) _____
    (e) _____
    (f) _____

12. Are you presently represented by counsel?   ☐ Yes ☐ No

If so, provide name, address and telephone number: _____
_____

WHEREFORE, petitioner prays that the Court grant petitioner all relief to which he may be entitled in this proceeding.

_____
*Signature of Attorney (if any)*

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on _____   _____
               *Date*                                  *Signature of Petitioner*

_____
*Petitioner*

_____
*Respondent(s)*

**ELECTION REGARDING
CONSENT TO PROCEED BEFORE
A UNITED STATES MAGISTRATE JUDGE**

- A magistrate judge is available under 28 U.S.C. § 636(c) to conduct all proceedings in this case, including dispositive matters and entry of final judgment. However, a magistrate judge may be assigned to rule on dispositive matters only if all parties voluntarily consent.

- Parties are free to withhold consent to magistrate judge jurisdiction without adverse substantive consequences.

- If both parties consent to have a magistrate judge decide the case, any appeal would be made directly to the Ninth Circuit Court of Appeals, as if a district judge had decided the matter.

- Unless both parties consent to have a magistrate judge decide the case, the assigned magistrate judge will continue to decide only non-dispositive matters, and will issue a Report and Recommendation to the district judge as to all dispositive matters.

*Please check the "yes" or "no" box regarding your decision to consent to a United States Magistrate Judge and sign below.*

☐ Yes, I voluntarily consent to have a United States Magistrate Judge conduct all further proceedings in this case, decide all dispositive and non-dispositive matters, and order the entry of final judgment.

☐ No, I do not consent to have a United States Magistrate Judge conduct all further proceedings in this case.

Executed on _____       _____
                    *Date*                               *Signature of Petitioner/Counsel for Petitioner*

_____
*Petitioner*

_____
*Respondent(s)*

**DECLARATION IN SUPPORT
OF REQUEST
TO PROCEED
*IN FORMA PAUPERIS***

I, _____, declare that I am the petitioner in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs or give security therefor, I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to relief.

1. Are you presently employed?  ☐ Yes  ☐ No

   a. If the answer is yes, state the amount of your salary or wages per month, and give the name and address of your employer. _____

   b. If the answer is no, state the date of last employment and the amount of the salary and wages per month which you received. _____

2. Have you received, within the past twelve months, any money from any of the following sources?
   a. Business, profession or form of self-employment?   ☐ Yes  ☐ No
   b. Rent payments, interest or dividends?               ☐ Yes  ☐ No
   c. Pensions, annuities or life insurance payments?    ☐ Yes  ☐ No
   d. Gifts or inheritances?                              ☐ Yes  ☐ No
   e. Any other sources?                                  ☐ Yes  ☐ No

   If the answer to any of the above is yes, describe each source of money and state the amount received from each during the past twelve months: _____

   _____

3. Do you own any cash, or do you have money in a checking or savings account?  *(Include any funds in prison accounts)*
   ☐ Yes  ☐ No

If the answer is yes, state the total value of the items owned: _____

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property? *(Excluding ordinary household furnishings and clothing)*  ☐ Yes   ☐ No

   If the answer is yes, describe the property and state its approximate value: _____

5. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support: _____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on _____

           *Date*                     *Signature of Petitioner*

## CERTIFICATE

I hereby certify that the Petitioner herein has the sum of $ _____ on account to his credit at the _____ institution where he is confined. I further certify that Petitioner likewise has the following securities to his credit according to the records of said institution: _____

_____                           _____
*Date*                                    *Authorized Officer of Institution/Title of Officer*

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

|  | CASE NUMBER |
|---|---|
| Plaintiff(s),<br>v.<br><br>Defendant(s). | **NOTICE OF DISMISSAL PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 41(a) or (c)** |

PLEASE TAKE NOTICE: (*Check one*)

☐ This action is dismissed by the Plaintiff(s) in its entirety.

☐ The Counterclaim brought by Claimant(s) _____ is dismissed by Claimant(s) in its entirety.

☐ The Cross-Claim brought by Claimants(s) _____ is dismissed by the Claimant(s) in its entirety.

☐ The Third-party Claim brought by Claimant(s) _____ is dismissed by the Claimant(s) in its entirety.

☐ **ONLY** Defendant(s) _____
is/are dismissed from (*check one*) ☐ Complaint, ☐ Counterclaim, ☐ Cross-claim, ☐ Third-Party Claim brought by _____.

The dismissal is made pursuant to F.R.Civ.P. 41(a) or (c).

_____         _____
*Date*             *Signature of Attorney/Party*

*NOTE:* ***F.R.Civ.P. 41(a):*** *This notice may be filed at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs.*

***F.R.Civ.P. 41(c):*** *Counterclaims, cross-claims & third-party claims may be dismissed before service of a responsive pleading or prior to the beginning of trial.*

CV-09 (03/10)         **NOTICE OF DISMISSAL PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 41(a) or (c)**